**GARLAND LAW, PC**
KEVIN M. GARLAND, ESQ.
CALIFORNIA STATE BAR NO. 280425
13101 W. WASHINGTON BLVD., SUITE 130
LOS ANGELES, CALIFORNIA    90066
Email: counsel@garlandfirm.com
Tel: (310) 479-0767

Attorneys for plaintiff Mark Gage

## UNITED STATES DISTRICT COURT

## DISTRICT OF CENTRAL CALIFORNIA

| | |
|---|---|
| Mark Gage, <br><br> Plaintiff, <br><br> v. <br><br> Minus Multimedia GmbH; Richard Hawtin, an individual; Gavin Lynch, an individual; and DOES 1-25, inclusive, <br><br> Defendants. | Case No.:  **2:15-cv-02450** <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by his attorneys, for their complaint against Defendants, and each of them, allege:

## PARTIES

1.  Plaintiff Mark Gage (herein "Plaintiff") is an individual residing in the State of New York with his principal place of business in the State of California.

1

COMPLAINT

2.  Plaintiff is informed and believes that Defendant Minus Multimedia GmbH is a company with principal offices located in Berlin, Germany and Windsor, Canada organized under the laws of the Federal Republic of Germany and Canada (referred herein as "Defendant Minus"). Defendant Minus regularly does business in the United States, including inside the United States District Court for the Central District of California (the "District") and the State of California.

3.  Plaintiff is informed and believes that Defendant Richard Hawtin (herein "Defendant Hawtin") is a resident of the Federal Republic Germany, including residences known to Plaintiff in Berlin, Germany and secondary residences in New York City, New York. Defendant Hawtin regularly does business in the United States, including the District and the State of California.

4.  Plaintiff is informed and believes that Defendant Gavin Lynch (herein "Defendant Lynch") is a resident of the Republic of Ireland who regularly does business in the United States, including the District and the State of California. Defendant Lynch records and performs music under the pseudonym "Matador", among other names relevant herein.

## JURISDICTION AND VENUE

5.  This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

6.  This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

7.  This Court has personal jurisdiction over Defendant Minus and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that Defendant Minus regularly conducts business in this District including, without limitation, in the form of record sales, digital music sales, and organizing or procuring live performances for artists on its roster, and the acts of infringement complained of herein occurred in this District.

8.  In the alternative, this Court has personal jurisdiction over Defendant Minus under Fed. R. Civ. P. 4(k)(2) because this action arises under federal law, Defendant Minus is not

COMPLAINT

subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of jurisdiction over Defendant Minus is consistent with the Constitution and the laws of the United States.

9.  This Court has personal jurisdiction over Defendant Hawtin and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that Defendant Hawtin regularly conducts business in this District including, without limitation, in the form of record sales, digital music sales, and live performances, and the acts of infringement complained of herein occurred in this District. Plaintiff is also informed and believes that Defendant Hawtin owns real property in the District.

10. In the alternative, this Court has personal jurisdiction over Defendant Hawtin under Fed. R. Civ. P. 4(k)(2) because this action arises under federal law, Defendant Hawtin is not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of jurisdiction over Defendant Hawtin is consistent with the Constitution and the laws of the United States.

11. This Court has personal jurisdiction over Defendant Lynch and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that Defendant Lynch regularly conducts business in this District including, without limitation, in the form of record sales, digital music sales, and live performances, and the acts of infringement complained of herein occurred in this District.

12. In the alternative, this Court has personal jurisdiction over Defendant Lynch under Fed. R. Civ. P. 4(k)(2) because this action arises under federal law, Defendant Lynch is not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of jurisdiction over Defendant Lynch is consistent with the Constitution and the laws of the United States.

## FACTS COMMON TO ALL COUNTS

13. Defendant Minus is an international record label and music company.

14. Defendant Hawtin is the principal and head executive of Defendant Minus.

COMPLAINT

15. Defendant Lynch is a musician and artist who serves on Defendant Minus's roster of musicians and roster. Plaintiff is informed and believes that Defendant Minus and Defendant Lynch owe each other fiduciary duties as label and artist, which specific duties will be determined during the litigation process and discovery tools Plaintiff will have access to.

16. As Defendant Lynch's record label, Defendant Minus is contributorily liable for any illegal or unlawful actions taken by Defendant Lynch.

17. Plaintiff is the sole author and exclusive owner of any right to copyright in the composition entitled "Gravitational Arch of 10" (the "Composition").

18. Plaintiff is also the sole author and exclusive owner of any right to copyright in any and all audio recordings based the Composition, including the original audio recording made in 1993 and also entitled "Gravitational Arch of 10" (the "Recording").

19. Plaintiff has registered his rights to copyright in the Composition and Recording with the U.S. Copyright Office and is entitled to all rights and privileges of U.S. copyright law, U.S.C. Title 17. The registration numbers include SR0000751604 and SR0000752576 (collectively the "Registration").

20. In the 1990s, Plaintiff had formal and informal business relationships with both Defendant Minus (and previous, antecedent, and/or related business entities and/or licensees/assignees) and Defendant Hawtin, individually. The relationship eventually soured due to Defendant Hawtin's and Defendant Minus' business practices and personal tactics. Plaintiff eventually settled various claims against Defendant Hawtin, Defendant Minus, and all related business entities (including entities Plus 8 Records and London Records) in a global settlement dated 10 October 1997 (the "Global Settlement").

21. The Global Settlement clarified that Plaintiff owned all rights and was the sole author to all compositions and recordings created by him, including the Composition and Recording, whether or not Defendant Minus or Defendant Hawtin had any valid ownership rights. In the event that either Defendant Minus or Defendant Hawtin had any valid ownership rights, all related entities agreed to assign such rights back to Plaintiff in

4

**COMPLAINT**

1    perpetuity.

2    22. Defendant Hawtin continued to contact Plaintiff in various personal or arms-length

3    encounters in the 1990s and into the 2000s against Plaintiff's interest in being contacted.

4    Plaintiff has historically lacked the resources to bring various valid lawsuits against

5    Defendant Hawtin and Defendant Minus.

6    23. On April 1, 2014, an agent and/or employee of Plaintiff Minus named Mr. Philip

7    Soeffker, contacted Plaintiff's attorneys to request a sample license for the Composition

8    and Recording. Mr. Soeffker stated that the sample of the Composition and Recording

9    would be used in a mix by Defendant Lynch entitled "ENTER.2014 Mix-CD" (herein

10    "ENTER Mix") to be distributed by Defendant Minus.

11    24. Also on April 1, 2014, Mr. Soeffker provided Plaintiff and his attorneys an online version

12    of Defendant Lynch's then-current edit of the ENTER Mix, which included both the

13    Composition and Recording. Plaintiff is able to provide this audio recording to the court

14    upon request (the "Original Edit").

15    25. The Original Edit contained a large portion of both the Composition and the Recording

16    and any use would violate one or more of Plaintiff's exclusive rights under U.S.C. Title

17    17 to the Composition and Recording.

18    26. Importantly, Mr. Soeffker's email demonstrated that Defendant Minus, Defendant

19    Hawtin (as Defendant Minus' principal and head executive), and Defendant Lynch

20    understood and had actual knowledge that Plaintiff owned and administered all rights to

21    the Composition and Recording, otherwise Defendant Minus would not have contacted

22    Plaintiff's attorneys. Any use of the Composition and/or Recording would have required

23    Plaintiff's written permission, which was never provided.

24    27. Defendant Minus and Defendant Hawtin also had actual notice of Plaintiff's sole,

25    exclusive rights to the Composition and Recording because of the Global Settlement.

26    28. On April 4, 2014, Plaintiff's attorneys responded to Defendant Minus by emailing Mr.

27    Soeffker and expressly denying the license request in no uncertain terms, stating that

28

**COMPLAINT**

1    Plaintiff was unwilling to license the Composition and/or Recording for any reason (the

2    "Denial Email").

3  29. After the Denial Email, Defendant Minus, Defendant Hawtin, and Defendant Lynch (as

4    represented by Minus) had actual notice of Plaintiff's refusal to license the Composition

5    and/or Recording.

6  30. Despite being denied the license or any permission to use the Composition and/or

7    Recording, Defendant Minus and Defendant Lynch made the brazen and illegal decision

8    to reproduce, distribute, and publicly perform a version of the Original Edit on BBC

9    radio, BBC online radio, Soundcloud, and other online distribution channels and/or

10    streaming platforms.

11  31. As early as July 2014, if not sooner, Plaintiff also learned that the Original Edit (in its

12    exact form as submitted to Plaintiff's attorneys in April 2014) was circulating the Internet

13    on various websites, torrent aggregators, and other online distribution channels or

14    platforms.

15  32. Plaintiff is informed and believes that Defendants, and each of them, are responsible for

16    distribution the Original Edit to the public as there is no evidence of any third party other

17    than the Defendants having access to the Original Edit. Neither Plaintiff nor his attorneys

18    ever distributed the Original Edit after initially listening to it. Plaintiff believes he will be

19    able to prove that Defendants, and each of them, distributed the Original Edit with the

20    tools available to Plaintiff in the litigation process, including discovery.

21  33. While the Original Edit was not included on the "ENTER Mix", which was distributed to

22    the public via traditional channels such as brick-and-mortar record stores and online

23    stores, Defendant Lynch played a version of the Original Edit on BBC radio. This version

24    shall be referred herein as the "Radio Edit". The Radio Edit contained minimal changes

25    besides a radio-friendly introduction by Defendant Lynch using his own voice and a

26    slightly different "fade-out" only noticeable to music specialists.

27  34. Plaintiff believes, is informed, and on that basis alleges that Defendant Hawtin instructed

28    Defendant Lynch to release the Radio Edit on BBC radio knowing that Plaintiff would

**COMPLAINT**

1  not have the ability to control the distribution due to the complex set of laws governing

2  international performing rights societies and terrestrial radio stations. Instead, Plaintiff

3  could at best collect royalties from Defendant Lynch's performance of the Radio Edit.

4  35. However, Defendant Lynch also posted the Radio Edit on his professional Soundcoud

5  page for "Matador" and proceeded to illegally distribute both the Composition and

6  Recording to the public, free of charge, and in the process made illegal duplications of

7  the Composition and Recording. Once posted on Defendant Lynch's professional

8  Soundcloud page, the Radio Edit also began to be widely distributed throughout the

9  Internet. Screenshots demonstrating the existence of the Radio Edit (and the existence of

10  the Composition and Recording therein) on Defendant Lynch's professional Soundcloud

11  page are collectively attached hereto as "Exhibit A".

12  36. Plaintiff believes that Defendant Minus and/or Defendant Hawtin instructed and/or

13  encouraged Defendant Lynch to illegally distribute the Composition and Recording, or

14  knowingly allowed Defendant Lynch — one of Defendant Minus' artists — to do so.

15  37. Plaintiff attempted settlement discussions with each of the Defendants and each of their

16  representatives in December 2014 and again in January 2015, February 2015, and March

17  2015 but none of them would engage in serious discussions.

18

19  **COUNT I**

20  **INFRINGEMENT OF COPYRIGHTS IN THE "RECORDING"**

21  38. Plaintiffs incorporate herein by this reference each and every allegation contained in each

22  paragraph above.

23  39. Plaintiff is, and at all relevant times has been, the copyright author and owner of

24  exclusive rights under United States and international copyright law with respect to that

25  particular copyrighted sound recording entitled "Gravitational Arch of 10". Valid

26  Copyright Registration certificates have been issued by the U.S. Register of Copyrights

27  with the registration numbers: SR0000751604 and SR0000358423.

28  40. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive

**COMPLAINT**

1  rights to reproduce the Copyrighted Recording, to publicly perform, to create derivative

2  versions of the Copyrighted Recording, and to distribute the Copyrighted Recording to

3  the public.

4  41. Plaintiff is informed and believes that Defendants, without the permission or consent of

5  Plaintiff, has used, and continues to use, an online media distribution system to download

6  the Copyrighted Recording, to distribute the Copyrighted Recording to the public, to

7  make derivate version(s) of the Copyrighted Recording, to distribute the derivative

8  version(s) of the Copyrighted Recording to the public, and/or to make the Copyrighted

9  Recordings available for distribution to others. In doing so, each Defendant has violated

10  Plaintiff's exclusive rights of reproduction and distribution, as well as public performance

11  and the exclusive right to create a derivative version. Defendants' actions, individually

12  and collectively, constitute infringement of Plaintiff's copyrights and exclusive rights

13  under copyright.

14  42. Plaintiff is informed and believes that the foregoing acts of infringement have been

15  willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

16  Each of the Defendants, individually and collectively, had actual or constructive

17  knowledge of Plaintiff's exclusive rights and ownership over the Copyrighted Recording,

18  which is demonstrated by Defendant Minus' request for a license of the Copyrighted

19  Recording in April 2014. Despite this actual knowledge, and despite Plaintiff's express,

20  written refusal to license the Copyrighted Recording in any way, each of the Defedants

21  proceeded to violated Plaintiff's exclusive rights as set forth above. These willful,

22  intentional, and illegal violations should receive the maximum statutory penalties

23  available under United States law.

24  43. As a result of Defendants' individual and collective infringement of Plaintiff's copyrights

25  and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to

26  17 U.S.C. § 504(c) for Defendants' individual and collectively infringement of the

27  Copyrighted Recording. Plaintiffs further are entitled to their attorneys' fees and costs

28  pursuant to 17 U.S.C. § 505.

COMPLAINT

44. The conduct of Defendants, individually is and collectively are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights, and ordering Defendant to destroy all copies of sound recordings and any derivative versions thereof made in violation of Plaintiff's exclusive rights.

## COUNT II

## INFRINGEMENT OF COPYRIGHTS IN THE "COMPOSITION"

45. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

46. Plaintiff is, and at all relevant times has been, the copyright author and owner of exclusive rights under United States and international copyright law with respect to that particular copyrighted musical work of the performing arts entitled "Gravitational Arch of 10". Valid Copyright Registration certificates have been issued by the U.S. Register of Copyrights with the registration numbers: SR0000751604 and SR0000358423.

47. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Composition, to publicly perform, to create derivative versions of the Copyrighted Composition, and to distribute the Copyrighted Composition to the public.

48. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to download a version of the Copyrighted Composition, to distribute the Copyrighted Composition to the public in the form of the Copyrighted Recording, to make derivate version(s) of the Copyrighted Composition without permission (but not including so-called "cover" versions), to distribute the derivative version(s) of the Copyrighted Composition to the public, and/or to make the Copyrighted Composition available for distribution to others.

COMPLAINT

1    In doing so, each Defendant has violated Plaintiff's exclusive rights of reproduction and

2    distribution, as well as public performance and the exclusive right to create a derivative

3    version. Defendants' actions, individually and collectively, constitute infringement of

4    Plaintiff's copyrights and exclusive rights under copyright.

5    49. Plaintiff is informed and believes that the foregoing acts of infringement have been

6    willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

7    Each of the Defendants, individually and collectively, had actual or constructive

8    knowledge of Plaintiff's exclusive rights and ownership over the Copyrighted

9    Composition, which is demonstrated by Defendant Minus' request for a license of the

10    Copyrighted Composition in April 2014. Despite this actual knowledge, and despite

11    Plaintiff's express, written refusal to license the Copyrighted Composition in any way,

12    each of the Defendants proceeded to violated Plaintiff's exclusive rights as set forth

13    above. These willful, intentional, and illegal violations should receive the maximum

14    statutory penalties available under United States law.

15    50. As a result of Defendants' individual and collective infringement of Plaintiff's copyrights

16    and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to

17    17 U.S.C. § 504(c) for Defendants' individual and collectively infringement of the

18    Copyrighted Composition. Plaintiffs further are entitled to their attorneys' fees and costs

19    pursuant to 17 U.S.C. § 505.

20    51. The conduct of Defendants, individually is and collectively are causing and, unless

21    enjoined and restrained by this Court, will continue to cause Plaintiff great and

22    irreparable injury that cannot fully be compensated or measured in money. Plaintiff has

23    no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to

24    injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights, and

25    ordering Defendant to destroy all copies of sound recordings and any derivative versions

26    thereof made in violation of Plaintiff's exclusive rights.

27

28    //

**COMPLAINT**

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:


1.  For an injunction providing:

    "Defendants individually and collectively shall be and hereby is/are enjoined from

    directly or indirectly infringing Plaintiff's rights under federal or state law in the

    Copyrighted Recording and Copyrighted Composition and any sound recording or music

    work or composition, whether now in existence or later created, that is owned or

    controlled by Plaintiff ("Plaintiff's Works"), including without limitation by using the

    Internet or any online media distribution system to reproduce (i.e., download or stream)

    any of Plaintiff's Works, to distribute (i.e., upload or stream) any of Plaintiff's Works, to

    make derivative versions of Plaintiff's Works, or to make any of Plaintiff's Works

    available for distribution to the public, except pursuant to a lawful license or with the

    express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Works

    that Defendants, individually or collectively, has/have downloaded onto any computer

    hard drive or server without Plaintiff's authorization and shall destroy all copies of those

    downloaded recordings transferred onto any physical medium or device in Defendant's

    possession, custody, or control."

2.  For the maximum statutory damages for each infringement of each Copyrighted

    Recording pursuant to 17 U.S.C. § 504 in the amount of at least $150,000.00 given the

    pervasive and long-standing evidence of bad faith, intentional conduct, and willful

    infringement conduct.

3.  For the maximum statutory damages for each infringement of each Copyrighted

    Composition pursuant to 17 U.S.C. § 504 in the amount of at least $150,000.00 given the

    pervasive and long-standing evidence of bad faith, intentional conduct, and willful

    infringement conduct.

4.  For Plaintiff's costs in this action.

5.  For Plaintiff's reasonable attorneys' fees incurred herein.

**COMPLAINT**

1    6.   For such other and further relief as the Court may deem just and proper.

2

3    DATED: April 2, 2015              GARLAND LAW, PC

4

5

6                                     BY: _____

7                                          Kevin M. Garland, Esq.

8                                          Garland Law, PC

9                                          Attorney for Plaintiff,

10                                         Mark Gage

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**